UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JOHN DOE,                                      )
                                               )
                                               )
        Plaintiff,                             )
                                               )
v.                                             )       Civil Action No. 2:16-cv-11276
                                               )                        _____
LOWE'S HOME CENTERS, LLC                       )
                                               )
                                               )
        Defendant.                             )

<u>DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL</u>

        Defendant Lowe's Home Centers, LLC ("Lowe's"), pursuant to 28 U.S.C. §§ 1331, 1332(a), 1441, and 1446, file this Notice of Removal of Civil Action No. <u>16-C-1521</u>, which is pending in the Circuit Court for Kanawha County, West Virginia.  In support of its Notice of Removal, Lowe's states as follows:

        1.      On or about October 4, 2016, Plaintiff filed his Complaint in the Circuit Court for Kanawha County, West Virginia, titled <u>John Doe v. Lowe's Home Centers, LLC</u>, Civil Action No. <u>16-C-1521</u>.  Plaintiff alleges that Lowe's violated the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213 ("the ADA"), the Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654 (the "FMLA"), the West Virginia Human Rights Act, W. Va. Code §§ 5-11-1 to 5-11-21, West Virginia's Equal Pay for Equal Work law, W. Va. Code §§ 21-5B-1, *et. seq.*, and West Virginia public policy.

        2.      Plaintiff served his lawsuit on the West Virginia Secretary of State, who accepted service on behalf of Lowe's as its statutory attorney-in-fact, on October 21, 2016.  Copies of the

Summons, Plaintiff's Complaint, certified docket sheet, and all other process, pleadings, and orders served on Defendant are attached as Exhibit A.

3.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff's claims under the ADA and FMLA arise under the Constitution, laws, or treaties of the United States.  Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

4.      This court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that (a) Plaintiff is diverse in citizenship from Lowe's; (b) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (c) Lowe's has timely filed this petition for removal.

5.      The amount in controversy in diversity actions must exceed $75,000.  28 U.S.C. §1332(a).  To demonstrate that the jurisdictional amount has been met, a removing party must establish only that it is more likely than not that the amount in controversy exceeds $75,000.  *McCoy v. Erie Ins. Co.,* 147 F. Supp. 2d 481, 489 (S.D.W. Va. 2001).

6.      While Plaintiff does not plead any specific amount of damages in his Complaint, he does seek various remedies, including compensation for lost wages and benefits, back pay, front pay, unused vacation time, damages for indignity, extreme inconvenience, emotional distress, embarrassment, humiliation, extreme annoyance, liquidated damages, and attorneys' fees and costs.  (*See* Compl., Ex. A at Prayer for Relief.)

7.      Additionally, Plaintiff seeks punitive damages.  (*See* Compl., Ex. A at Prayer for Relief.)  Punitive damages may be included for the purpose of determining the amount in controversy.  *Heller v. TriEnergy, Inc.*, 877 F. Supp. 2d 414, 428 (N.D.W. Va. 2012).  "A request for punitive damages where properly recoverable, inevitably inflates a plaintiff's potential

recovery . . . ." *Hicks v. Herbert*, 122 F. Supp. 2d 699, 701 (S.D. W. Va. 2000).  Plaintiff's claim for punitive damages "inevitably inflates" his potential recovery, and is to be included for the amount in controversy.  *Id.*

8.      Finally, Plaintiff claims that he is entitled to attorneys' fees.  (*See* Compl., Ex. A at Prayer for Relief.)  "If a state statute provides for attorneys' fees, such fees also are included as part of the amount in controversy."  *Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F. Supp. 2d 506, 509 (D. Md. 2002) (citation omitted).  The West Virginia Human Rights Act provides that "the court in its discretion may award all or a portion of the costs of litigation, including reasonable attorney fees . . . to the complainant."  W. Va. Code § 5-11-13(c).  Accordingly, O'Bryan's claim for attorneys' fees is also included for the amount in controversy because it is statutorily provided in the West Virginia Human Rights Act.

9.      Therefore, viewing the Complaint in the light most favorable to the Plaintiff, the amount in controversy most certainly exceeds the $75,000 amount in controversy requirement for removal.

10.     There is also complete diversity of citizenship among the parties.  Removal under 28 U.S.C. § 1332(a) is permissible if the action is between citizens of different states or citizens of a foreign state.

11.     In his Complaint, Plaintiff alleges that at all times relevant herein he was a resident of Kanawha County, West Virginia.  (*See* Compl., Ex. A at ¶ 1.)

12.     The citizenship of a Limited Liability Company "LLC" is determined by the citizenship of its members.  *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010).

13.     A corporation is deemed to be a citizen of its state of incorporation and of the state where it maintains its principal place of business.  *See* 28 U.S.C. § 1332(c)(1).

14.     Lowe's Home Centers, LLC is wholly-owned by Lowe's Companies, Inc. Lowe's Companies, Inc.'s state of incorporation and principal place of business is North Carolina. Accordingly, Lowe's Home Centers, LLC's citizenship is North Carolina.

15.     Because Plaintiff is a citizen of West Virginia and Lowe's is a citizen of North Carolina, the parties are completely diverse in satisfaction of 28 U.S.C. § 1332.

16.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b), as it is being filed within thirty (30) days after Lowe's' receipt of a copy of the initial pleading setting forth the claim for relief upon which this action is based.

17.     Because this action is pending in the Circuit Court for Kanawha County, West Virginia, venue for purposes of removal is proper in this Court pursuant to 28 U.S.C. § 1441(a).

18.     Prompt written notice of this Notice of Removal is being sent to Plaintiff, through his counsel, and to the Clerk of Court for the Circuit Court for Kanawha County, West Virginia, as required by 28 U.S.C. § 1446(d).  A copy of that notice is attached as Exhibit B.

**WHEREFORE,** for the foregoing reasons, and pursuant to 28 U.S.C. §§ 1331, 1332(a), 1441, and 1446, Defendant respectfully requests that the above-referenced action, having been properly removed from the Circuit Court of Kanawha County, West Virginia, be docketed and proceed in this Court.

**LOWE'S HOME CENTERS, LLC**

**BY SPILMAN THOMAS & BATTLE, PLLC**


*/s/ Eric W. Iskra*
Eric W. Iskra (WV State Bar #6611)
Sarah E. Kowalkowski (WV State Bar # 13007)
300 Kanawha Boulevard, East (Zip 25301)
P.O. Box 273
Charleston, WV  25321-0273
304-340-3800

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| **JOHN DOE,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | 2:16-cv-11276 |
| **v.** | ) | **Civil Action No.** _____ |
| | ) | |
| **LOWE'S HOME CENTERS, LLC** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**CERTIFICATE OF SERVICE**

I, Eric W. Iskra, do hereby certify that on November 21, 2016, I electronically filed

**"DEFENDANT LOWE'S HOME CENTERS, LLC'S NOTICE OF REMOVAL"** with the

Clerk of Court using the CM/ECF system, and I served a copy of the same by first class mail

addressed to the following attorneys of record:

> Samuel B. Petsonk, Esquire
> Mountain State Justice, Inc.
> 1031 Quarrier Street, Suite 200
> Charleston, West Virginia 25301

*/s/ Eric W. Iskra*_____
Eric W. Iskra (WV State Bar #6611)