

**CORPORATION SERVICE COMPANY**

# Notice of Service of Process

TV / ALL
Transmittal Number: 15798569
Date Processed: 10/27/2016

| | |
|---|---|
| Primary Contact: | Katy P. Foster<br>Lowe's Companies, Inc.<br>1000 Lowe's Blvd<br>Mooresville, NC 28117 |
| Electronic copy provided to: | David Wiles<br>Bill McCanless<br>Stacey Davidson<br>Kayla Fox<br>Janette Hobson |
| Entity: | Lowe's Home Centers, LLC<br>Entity ID Number 2515365 |
| Entity Served: | Lowe's Home Centers, LLC |
| Title of Action: | John Doe vs. Lowe's Home Center LLC |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court/Agency: | Kanawha County Circuit Court, West Virginia |
| Case/Reference No: | 16-C-1521 |
| Jurisdiction Served: | West Virginia |
| Date Served on CSC: | 10/27/2016 |
| Answer or Appearance Due: | 30 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Samuel B Petsonk<br>304-344-3144 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com



EXHIBIT A

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305

USPS CERTIFIED MAIL™



9214 8901 1251 3410 0001 3801 35

LOWE'S HOME CENTERS, LLC
Corporation Service Company
209 West Washington Street
Charleston, WV 25302



**Natalie E. Tennant**
Secretary Of State
State Of West Virginia
Phone: 304-558-6000
866-767-8683
Visit us online:
www.wvsos.com

**Control Number:** 120272
**Defendant:** LOWE'S HOME CENTERS, LLC
209 West Washington Street
Charleston, WV 25302 US

**Agent:** Corporation Service Company
**County:** Kanawha
**Civil Action:** 16-C-1521
**Certified Number:** 92148901125134100001380135
**Service Date:** 10/21/2016

I am enclosing:

**1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, **not to the Secretary of State's office**.*

Sincerely,

*Natalie E Tennant*

Natalie E. Tennant
Secretary of State

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

JOHN DOE,

    Plaintiff,

v.                                         Civil Action No.: 16-C-1521

LOWE'S HOME CENTERS, LLC,

    Defendant.

**SERVE:**
LOWE'S HOME CENTERS, LLC,
1605 CURTIS BRIDGE ROAD
WILKESBORO, NC 28697

**SUMMONS**

To: The Above-Named Defendant:

IN THE NAME OF THE STATE OF WEST VIRGINIA,

    You are hereby summoned and required to serve upon **Samuel B. Petsonk/ Mountain State Justice, Inc., whose address is 1031 Quarrier Street, Suite 200, Charleston, West Virginia, 25301**, an answer, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you.

    You are required to serve your answer to the Complaint within **thirty (30)** days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Cathy S. Gatson, Clerk

Clerk of Court By J. Bradshaw, Deputy Clerk

Date: 10·4·16

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

FILED
2016 OCT -4 PM 2: 20
CATHY S. GATSON
KANAWHA COUNTY CIRCUIT COURT

JOHN DOE,

    Plaintiff,

v.

    Civil Action No.: 16-C-1521
    Judge Bailey

LOWE'S HOME CENTERS, LLC,

    Defendant.

## COMPLAINT

Plaintiff, John Doe, files this **COMPLAINT** against Defendant Lowe's Home Centers, LLC ("Lowe's") because the Defendant wrongfully interfered with and constructively discharged John for availing himself of the accommodation that Lowe's had reached with John to allow him to manage his chronic sleep apnea, in violation of Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. Secs. 12111-17, the Family and Medical Leave Act, 29 U.S.C. 2601, et seq., the West Virginia Human Rights Act, W. Va. Code 5-11-1- through -19, the Equal Pay for Equal Work Act, W. Va. 21-5B-3- through -4, and the common law of West Virginia.

In support thereof, Plaintiff alleges the following:

### PARTIES

1. Plaintiff, John Doe, was at all times relevant herein a resident of Kanawha County, West Virginia.

2. Defendant Lowe's Home Centers, LLC ("Lowe's") is a North Carolina corporation whose principal place of business is at 1605 Curtis Bridge Road, Wilkesboro, NC 28697, and at all times relevant herein Lowe's was conducting business in Kanawha County, West Virginia.

1

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

JOHN DOE,

    Plaintiff,

v.                                                                                              Civil Action No.: 16-C-1521
                                                                                                                Judge Bailey

LOWE'S HOME CENTERS, LLC,

    Defendant.

## COMPLAINT

Plaintiff, John Doe, files this **COMPLAINT** against Defendant Lowe's Home Centers, LLC ("Lowe's") because the Defendant wrongfully interfered with and constructively discharged John for availing himself of the accommodation that Lowe's had reached with John to allow him to manage his chronic sleep apnea, in violation of Title I of the Americans with Disabilities Act (ADA), 42 U.S.C. Secs. 12111-17, the Family and Medical Leave Act, 29 U.S.C. 2601, et seq., the West Virginia Human Rights Act, W. Va. Code 5-11-1- through -19, the Equal Pay for Equal Work Act, W. Va. 21-5B-3- through -4, and the common law of West Virginia.

In support thereof, Plaintiff alleges the following:

### PARTIES

1. Plaintiff, John Doe, was at all times relevant herein a resident of Kanawha County, West Virginia.

2. Defendant Lowe's Home Centers, LLC ("Lowe's") is a North Carolina corporation whose principal place of business is at 1605 Curtis Bridge Road, Wilkesboro, NC 28697, and at all times relevant herein Lowe's was conducting business in Kanawha County, West Virginia.

1

## FACTS

3. In or around March 2012, John began to work at the Lowe's "Corridor G" location, at 50 RHL Blvd, South Charleston, WV 25309.

4. John has suffered from sleep apnea since before the time that he worked at Lowe's.

5. John's medical condition of sleep apnea was diagnosed and documented by a medical professional.

6. John's medical condition periodically caused him to oversleep and run a few minutes late for work—routinely no more than 5 minutes after he was permitted to arrive.

7. Lowe's had access to and possession of that documentation and diagnosis, and had knowledge of John's need for using FMLA leave to excuse the times that he was unable to report to work on time due to sleep apnea.

8. John was late for work on a number of occasions due to his severe sleep apnea.

9. Lowe's excused John on numerous occasions due to his documented condition.

10. The Reed Group maintains FMLA records for Lowe's.

11. The Reed Group documented and represented to John that he had used valid FMLA excuses for his apnea-related tardiness.

12. John relied on those representations from the Reed Group, on behalf of Lowe's, and understood that he was receiving permission to arrive late to work and for those late arrivals to be credited against his FMLA time.

13. In the fall of 2015, Store Manager Steve LNU confronted John about his late arrivals. John explained about his serious medical condition. Steve said, "That's no excuse. We have a business to run. We need you to be here at your scheduled time. We depend on your to

2

be here at your scheduled time."

14. John continued to come in a few minutes late periodically, due to his sleep apnea. But he feared for his job due to the comments and pressure coming from management, urging John to stop availing himself of the accommodation of arriving late due to sleep apnea.

15. In the first few months of 2015, John learned that he had been receiving a lower rate of pay than those of the opposite gender who had been working in the same Paint Section, and who had the same amount or an inferior amount of pertinent experience.

16. In early 2015, Human Resources Manager Erica LNU said to John, "you cannot be discussing wages on the floor. It is against the law."

17. John continued to discuss the equitableness of wage rates with his coworkers and with management, including Defendant's on-site Manager of Human Resources, Kelly LNU.

18. In response to John's demands for a rate of pay equal to his female coworkers, Lowe's raised John's pay from $9.81 to $9.96 in May 2015.

19. During the period in 2016 that John raised concerns about his wage disparity and made use of his reasonable accommodation, the Defendant repeatedly overlooked John for promotions. John was eligible for the position of flooring specialist six different times. He also sought the position of "electrical pro." But Lowe's passed him over for these positions.

20. In the winter of 2016, Assistant Store Manager Mike Blankenship began harrassing John about John's irregular work hours that were caused by his sleep apnea.

21. These incidents constituted harrasment and implicit threats regarding John's job, causing distress and anxiety for John and made him feel uncomfortable at work.

22. John felt increasingly unable to function at work because he was being pressured to come to work without adequate sleep, rendering him physically exhausted and unable to

3

perform his duties adequately and safely.

23. Around March 2016, Lowe's issued written discipline to John for being late. Yet, Lowe's and the Reed Group had also informed John that he was permitted to be late, as an accommodation of his sleep apnea condition. John felt that he was in an impossible situation because he was being told on the one hand that he had an accommodation, but then he was disciplined and placed at peril of discharge when he made use of the accommodation.

24. John felt that he could not work safely for Defendant without the accommodation.

25. After John repeatedly made efforts to avail himself of the work accommodation, Lowe's notified John on May 10, 2016 that he was discharged for "no-call / no-show" issues.

## COUNT I - AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. Secs. 12111-17

26. Plaintiff re-alleges and incorporates by reference herein the allegations stated in the preceding paragraphs.

27. An "individual with a disability" as defined under the ADA is a person who: (1) has a physical or mental impairment that substantially limits a major life activity, (2) has a record of a substantially limiting impairment, or (3) is regarded as having a substantially limiting impairment. *See* 42 U.S.C. 12102.

28. John is an individual with a disability under the ADA based on his sleep apnea which substantially limits and disrupts his sleeping.

29. The Defendant acknowledged that this disability required John to have an accommodation at work, which consisted of his being allowed to arrive a few minutes past his permitted arrival time.

30. Defendant's conduct as described in this Complaint constitutes discrimination on the basis of disability in violation of Title I of the ADA, 42 U.S.C. Secs. 12111-17, and its

4

implementing regulation, 29 C.F.R. Sec. 1630.

31. Defendant discriminated against John in violation of 42 U.S.C. Sec. 12112(a) and 29 C.F.R. Sec. 1630.4 by retaliating against John for his efforts to adhere to his reasonable accommodation.

32. Defendant's conduct of disciplining and discharging John for making use of his reasonable accommodation constitutes interference with, and retaliation against, John's efforts to enforce his rights under the ADA by securing a reasonable accommodation for his disability, all in violation of 42 U.S.C. 12203.

33. Plaintiff seeks to recover the damages and injunctive relief to which he is entitled, as set forth herein, including attorney fees and costs, pursuant to 42 U.S.C. 12203(c), 12204, and 12205.

## COUNT II - FAMILY AND MEDICAL LEAVE ACT
## 29 U.S.C. 2617

34. Plaintiff re-alleges and incorporates by reference herein the allegations stated in the preceding paragraphs.

35. The Family and Medical Leave Act (FMLA), 29 U.S.C. 2601, et seq., provides certain eligible employees with the right to take up to 12 weeks of unpaid annual family or medical leave per year, to cover time off due to serious health conditions.

36. The FMLA provides that "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter. . . . It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter." 29 U.S.C. 2615(a).

37. John is an eligible employee under the FMLA because he worked at least 1250

5

hours in a year at a worksite with at least fifty people in a 75-mile radius. 29 U.S.C. § 2611(2).

38. Defendant is an employer subject to the FMLA because it is an employer of more than fifty workers. 29 U.S.C. § 2611(4), § 2617.

39. Defendant interfered with John's exercise or attempt to exercise his rights under the FMLA when they disciplined him due to his tardiness that the Defendant had represented to John to be excused under the FMLA.

40. Defendant interfered with and retaliated against John for his exercise or attempt to exercise his rights under the FMLA when they fired him due to his tardiness that the Defendant had represented to John to be excused under the FMLA.

41. If there were occasions when John's tardiness did not constitute permissible intermittent leave under the FMLA, Defendant interfered with John's rights to use FMLA when they credited such leave against John's FMLA leave that was not actually FMLA-eligible, thereby interfering with John's ability to use his full 12 weeks of FMLA leave in the event that he would need it.

### COUNT III - FAILURE TO REASONABLY ACCOMMODATE DISABILITY IN VIOLATION OF THE WEST VIRGINIA HUMAN RIGHTS ACT
### W. Va. Code Chapter 5, Article 11

42. Plaintiff repeats and re-alleges the foregoing paragraphs.

43. Plaintiff is a "qualified individual with a disability" as that phrase is defined in the West Virginia Human Rights Act and under W. Va. Code St. R. Sec. 77-1-4.2.

44. Under the West Virginia Human Rights Act, W. Va. Code Secs. 5-11-1 through -19, and the relevant regulation, W. Va. Code St. R. 77-1-4.5, Defendant was obligated to make reasonable accommodations for Plaintiff's disability —such as allowing reasonable deviations from standard work reporting times— including to prepare management for dealing in a

nondiscriminatory fashion with the disability.

45. W. Va. Code 5-11-9(1),(7) states that

[i]t shall be an unlawful discriminatory practice, unless based upon a bona fide occupational qualification . . . (1) For any employer to discriminate against an individual with respect to compensation, hire, tenure, terms, conditions or privileges of employment if the individual is able and competent to perform the services required even if such individual is blind or disabled: . . . or (7) For any person, employer, . . . to: . . . (C) Engage in any form of reprisal or otherwise discriminate against any person because he or she has opposed any practices or acts forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article.

46. Rather than make reasonable accommodations, Defendant discriminated against Plaintiff in retaliation for his efforts to avail himself of an appropriate accommodation of his disability, by excluding him from the workplace, by disciplining him for adhering to his reasonable accommodation, and by failing to prepare Defendant's management employees to deal with his disability appropriately and in a non-discriminatory fashion.

47. As the direct and proximate result of Defendant's actions, Plaintiff lost wages and incurred other damages, including but not limited to annoyance and inconvenience, emotional distress, and expenses, including attorneys' fees, for which he is entitled to recover from the Defendants pursuant to W. Va. Code 5-11-13(c).

## COUNT IV - WRONGFUL TERMINATION

48. Plaintiff re-alleges and incorporates by reference herein the allegations stated in the preceding paragraphs.

49. Defendants' actions constituted unlawful retaliatory discharge motivated by the contravention of substantial public policies of the State of West Virginia, as articulated in the decisions of the West Virginia Supreme Court of Appeals in Harless v. First National Bank in Fairmont, 162 W. Va. 116, 246 S.E.2d 270 (1978), Lilly v. Overnight Transp. Co., 188 W. Va.

7

538, 540, 425 S.E.2d 214, 216 (1992), and as set forth in W. Va. Code 21-5-11 that makes it the policy of West Virginia to provide workplace accommodations to individuals with disabilities.

50. As a direct and proximate result of Defendants' retaliation for Plaintiff's insistence on his rights to accommodation of his sleep apnea disability, Plaintiff has suffered, and will continue to suffer, lost wages, vacation time, and other compensation, commissions, and benefits, as well as substantial costs of locating alternative employment, in an amount to be proven at trial.

51. As a direct and proximate result of the Defendants' actions that caused Plaintiff's severance from his job and his means of earning a livelihood near his family, Plaintiff is entitled to damages for indignity, extreme inconvenience, emotional distress, embarrassment, humiliation, and extreme annoyance in an amount to be determined by the jury.

52. Defendants' actions were reprehensible, fraudulent, willful, wanton, and undertaken in blatant and intentional regard and indifference to the clearly-defined rights to an accommodation that Lowe's had regularly acknowledged that John did in fact possess.

53. The actions of Defendants were willful and malicious, entitling the Plaintiff to attorney fees and costs.

### COUNT V - EQUAL PAY FOR EQUAL WORK
### 21 W. Va. Code Secs. 5B-3, 4

54. Plaintiff re-alleges and incorporates by reference herein the allegations stated in the preceding paragraphs.

55. Chapter 21, Article 5B, Section 3(1) of the West Virginia Code provides that "[n]o employer shall: (a) In any manner discriminate between the sexes in the payment of wages for work of comparable character, the performance of which requires comparable skills; (b) pay wages to any employee at a rate less than that at which he pays wages to his employees of the

8

opposite sex for work of comparable character, the performance of which requires comparable skills."

56. Chapter 21, Article 5B, Section 4(1) of the West Virginia Code provides that "[a]ny employee whose compensation is at a rate that is in violation of section three of this article shall have a right of action against his employer for the recovery of (a) the amount of the unpaid wages to which the employee is entitled for the one- year period preceding the commencement of the action, and (b) an additional amount as liquidated damages equal to the amount referred to in paragraph (a) of this subsection.

57. Defendant's action of paying John less than they paid a woman for the same job, requiring the same skill, in the same section of the store, violates Chapter 21, Article 5B, Section 3(1) of the West Virginia Code.

**WHEREFORE**, the Plaintiff respectfully seeks the following relief:

A. Compensatory damages sufficient to compensate John for the damages proximately caused by Defendant, including lost wages and benefits, back pay, front pay, unused vacation time, damages for indignity, extreme inconvenience, emotional distress, embarrassment, humiliation, extreme annoyance, and costs of pursuing the instant action, in an amount to be determined by the jury;

B. Statutory liquidated damages pursuant to Chapter 21, Article 5B, Section 4(1)(b);

C. Prejudgment interest as provided by law;

D. Reinstatement to his position with Defendant;

E. Punitive damages against Defendant in an amount sufficient to ensure that such actions are not repeated, in accordance with West Virginia law;

F. Injunctive relief prohibiting further discrimination or interference with John's

accommodation at work;

    G.    Reasonable attorney fees and costs; and

    H.    Such other relief as this Court deems just or equitable.

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY.**

JOHN DOE,
By counsel,

_/s/ Samuel B. Petsonk_
Samuel B. Petsonk (WVSB # 12418)
Mountain State Justice, Inc.
1031 Quarrier Street, Suite 200
Charleston, West Virginia 25301
E-mail: sam@msjlaw.org
Office: (304) 344-3144
Fax: (304) 344-3145

10



CERTIFIED MAIL

BUSINESS & LICENSING
1610-00

```
CASE  16-C-1521        KANAWHA                              PAGE    1

JOHN DOE                       vs. LOWE'S HOME CENTERS, LLC


LINE   DATE    ACTION

  1  10/04/16  # CASE INFO SHEET; COMPLAINT; ISSUED SUM & 2 CPYS; F FEE; RCPT
  2            # 544522; $200.00
  3  10/25/16  # LET FR SS DTD 10/21/16; SUM W/RET (10/21/16 SS) AS TO LOWE'S
  4            # HOME CENTERS LLC
  5  11/01/16  # E-CERT FR SS AS TO LOWE'S HOME CENTERS, LLC DTD 10/27/16
```

